UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MANGLESH DONDA,

        Petitioner,

vs.                               Case No. 3:15-cv-960-J-34MCR

JOEY B. DOBSON,
et al.,

        Respondents.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner Manglesh Donda, an immigration detainee who is housed at the Baker County Detention Facility in Macclenny, Florida, initiated this action on August 4, 2015, pursuant to the mailbox rule, by filing a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Petition; Doc. 1) with exhibits (P. Ex.). In the Petition, Donda asserts that the United States Immigration and Customs Enforcement (ICE) has unlawfully detained him while he awaits the execution of his removal order. As relief, he seeks release from ICE custody. Upon review of the Petition, this Court opines that the Petition should be dismissed without

prejudice as it has been prematurely filed in this Court and jurisdiction lies elsewhere.

According to Petitioner's attached exhibit, jurisdiction of the custody decision in Donda's case was transferred to the Headquarters Case Management Unit (Headquarters) on August 3, 2015. See P. Ex., Decision to Continue Detention, dated April 29, 2015; The Field Officer Director states:

> If you have not been released or removed from the United States by 08/03/2015, jurisdiction of the custody decision in your case will be transferred to the Headquarters Case Management Unit (HQCMU), Potomac Center North, 500 12th Street SW, Washington, DC 20536. HQCMU will make a final determination regarding your custody.

See id.; see also Petition at 5-6. Since Donda filed his Petition in this Court the next day, on August 4, 2015, pursuant to the mailbox rule, Headquarters apparently has not yet made a final determination as to Donda's custody.

In Meighan v. Chertoff, No. H-08-1222, 2008 WL 1995374 (S.D. Tex. May 6, 2008), the court summarized the review by Headquarters.

> After Zadvydas,[1] the Attorney General issued regulations to implement administrative review procedures for those aliens detained beyond the removal period. See Continued Detention of Aliens Subject to Final Orders of Removal, 66 Fed.Reg. 56977 (Nov. 14, 2001) (codified at 8 C.F.R. § 241.13). Under this scheme, an

_____

[1] In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns, and that six months is a presumptively reasonable period to detain an alien awaiting removal.

eligible alien may submit a written request
for release to the Headquarters Post-Order
Detention Unit ("HQPDU") asserting the basis
for the alien's belief that there is no
significant likelihood that the alien will be
removed in the reasonably foreseeable future.
8 C.F.R. § 241.13(d)(1). The alien must
include with the written request information
sufficient to establish his compliance with
the obligation to effect his removal and to
cooperate in the process of obtaining
necessary travel documents. 8 C.F.R. §
241.13(d)(2). The HQPDU must respond in
writing to the alien, acknowledging receipt of
the request for a review of his continued
detention. 8 C.F.R. § 241.13(e)(1).
Immigration officials may detain the alien
until it has made a determination whether
there is a significant likelihood that the
alien can be removed in the reasonably
foreseeable future. See id.

The administrative review process
contemplates the preparation of a record. If
the HQPDU believes that the alien's request
provides grounds for further review, it may,
in an exercise of discretion, forward a copy
of the alien's written request for release to
the Department of State for information and
assistance in the form of detailed country
conditions information or anything else that
may be relevant to whether a travel document
is obtainable from the country at issue. 8
C.F.R. § 241.13(e)(3). In making its decision
about whether removal is reasonably
foreseeable, the HQPDU considers a number of
factors, including, but not limited to: (1)
the history of the alien's efforts to comply
with the order of removal; (2) the history of
previous efforts to remove aliens to the
country in question or to third countries;
including the ongoing nature of the efforts to
remove the particular alien and the alien's
assistance with those efforts; (3) the
reasonably foreseeable results of those
efforts; and (4) the views of the Department
of State regarding the prospects for removal
of aliens to the country or countries in

question. 8 C.F.R. § 241.13(f). Where there is a continuing effort to remove the alien, there is no presumptive period of time within which the alien's removal must be accomplished, but the prospects for the timeliness of removal must be reasonable under the circumstances. See id.

According to the applicable regulations, the HQPDU shall issue a written decision based on the administrative record, including any documentation supplied by the alien, regarding the likelihood of removal and whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances. 8 C.F.R. § 241.13(g). If there is no significant likelihood that the alien will be removed in the reasonably foreseeable future, HQPDU officials shall promptly make arrangements for the alien's conditional release. 8 C.F.R. 241.13(g)(1). If there is a significant likelihood that the alien will be removed in the reasonably foreseeable future, however, the HQPDU shall deny the alien's request for release. 8 C.F.R. 241.13(g)(2). There is no administrative appeal from the HQPDU's decision to deny a request for release. See id.

To comply with the Supreme Court's ruling in Zadvydas, the Attorney General promulgated regulations to provide Headquarters with jurisdiction to make a custody determination. See Flores v. Tryon, No. 13-CV-987-JTC, 2014 WL 2002830, at *4 (W.D. N.Y. May 15, 2014); Kalu v. U.S. Dep't of Homeland Sec., Nos. 1:10-cv-244, 1:10-cv-1229, 2010 WL 4366402, at *1 (M.D. Pa. Oct. 28, 2010). "Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will

4

be removed in the reasonably foreseeable future." <u>Phean v. Holder</u>, No. 1:11-CV-0535, 2011 WL 1257389, at *2 (M.D. Pa. Mar. 30, 2011) (citation omitted). Thus, jurisdiction to make a custody determination lies with Headquarters at this stage of review, <u>see id.</u> at *2, and "it would be premature for [this] Court to undertake such a review," <u>see</u> <u>Kalu</u>, 2010 WL 4366402, at *2 (citations omitted). Once Petitioner has received his final decision from Headquarters, he may file a habeas petition. At that time, the record should be fully developed, which will benefit any analysis of Petitioner's request for release from ICE custody.

In consideration of the foregoing, the Court determines that the Petition is due to be dismissed to give Headquarters an opportunity to review Donda's custody. Donda may file a new habeas case once he has exhausted his administrative remedies and Headquarters has made its custody determination. <u>See</u> <u>Royer v. Holder</u>, No. 3:12-CV-1319-J-12MCR, 2012 WL 6553114, at *3 (M.D. Fla. Dec. 14, 2012). If Petitioner elects to refile his claims, he should not place this case number on the petition. The Clerk will assign a new case number.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2.    The Clerk of Court shall enter judgment **dismissing this case without prejudice,** terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of August, 2015.


**MARCIA MORALES HOWARD**
United States District Judge


sc 8/10
c:
Manglesh Donda